IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AB HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PERFORMANCE FOOD GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff AB Holdings, LLC ("Plaintiff"), by and through its undersigned

attorneys, and for its Complaint against Defendant Performance Food Group, Inc., d/b/a

Performance Foodservice Group ("Defendant" or "PFG"), states and alleges as follows:

### PARTIES

1.     Plaintiff AB is a limited liability company organized and existing under the laws

of the State of Idaho, having a principal place of business at 1555 Shoreline Drive, Suite 320,

Boise, Idaho 83702.

2.     Defendant PFG is a corporation organized and existing under the laws of the State

of Virginia, and, upon information and belief, having its principal place of business at 12500

West Creek Parkway, Richmond, Virginia 23238.

### JURISDICTION AND VENUE

3.     This is an action for trademark infringement, false designation of origin,

trademark dilution, and unfair competition, under the Federal Trademark Act, 15 U.S.C. § 1051,

*et seq.* (the "Lanham Act") and for trademark infringement, trademark dilution, and unfair competition under Missouri statutory and common law.

4. This Court has jurisdiction over this dispute pursuant to, *inter alia,* 15 U.S.C. §§ 1116, 1117, 1121 & 1125. On information and belief, Defendant is doing business in this judicial district, has wrongfully used, and is continuing to wrongfully use, a number of Plaintiff's trademarks and/or confusingly similar variations thereof including, for example, among others: U.S. Registration No. 3,107,311; U.S. Registration No. 3,318,095; U.S. Application Serial No. 98/559,965; U.S. Registration No. 3,151,311; and U.S. App. Serial No. 98/598,085 (individually and collectively, the "RR Marks") in this judicial district and elsewhere, has wrongfully diluted Plaintiff's trademarks in this judicial district and elsewhere, and has committed unfair acts in this judicial district and elsewhere against Plaintiff.

5. Venue is proper in this division of this judicial district pursuant to 28 U.S.C. § 1391 because, upon information and belief, a substantial portion of the events giving rise to this action occurred, and/or a substantial part of the property that is the subject of the action is situated, in this judicial district. On information and belief, Defendant has wrongfully used, infringed, diluted, and upon information and belief, continues to wrongfully use, infringe, and dilute Plaintiff's valuable trademarks in this judicial district and, further, Defendant has committed unfair competition against Plaintiff and, upon information and belief, is conducting and doing business in this division of this judicial district.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Rights in, to and under its RR Trademarks

6. Plaintiff, along with its related companies (collectively "AB"), have been in the business of producing, offering for sale, selling, and distributing, extremely high-quality meat

**Complaint - 2**

products with a commitment to superior service, value, and innovation, for over 60 years. Among other activities and attributes, AB's marketing, advertising, sales, distribution, and extremely high-quality products, vertical integration, production, service, and ranch-to-table approach, has resulted in AB's brands and products becoming famous and enjoying an unparalleled reputation for excellence among chefs, retail and wholesale customers and consumers, and connoisseurs in the United States and more than 30 countries worldwide.

7.      One of AB's exceptional lines of products is its famous and premier beef products sold under and in connection with its RR Marks which are extremely well known, have acquired secondary meaning, and are famous, throughout the relevant community, and public, as comprising and providing extremely high-quality beef products to customers that include, among others, top retail customers, Michelin-starred restaurants, and other customers and consumers.

8.      The famous RR brand beef products are identified and graded to meet high quality standards including only USDA Choice and higher levels of marbling. Indeed, the RR brands were the first in the United States with a product line to be certified as Top 1/3 Choice by the USDA. In addition, AB's RR Marks are used on and in connection with the production, marketing, advertising, distribution, and sale of USDA Prime grade product lines that represent and are known to comprise some of the highest-grade products on the USDA marbling scale.

9.      AB's ranch-to-table approach, combined with the natural resources and climate of the Northwest, as well as the careful selection process, results in Plaintiff's RR brand beef products having a consistent and extremely high quality, comprising premier beef products, which has resulted in widespread acclaim among relevant customers and the consuming public.

10.     Beginning at least as early as January 2005, AB developed and adopted a number of trademarks and brands for use on and in connection with its premium beef products,

including, among others, the following marks: RR® & Design (reproduced below); DOUBLE R

RANCH®; and RR DOUBLE R RANCH NORTHWEST BEEF® & Design (reproduced

below).

  

11.    Starting at least as early as October 21, 2016, AB adopted and began using other

variations of its RR Marks including, for example, RR DOUBLE R RANCH SIGNATURE™ &

Design (reproduced below) and DOUBLE R RANCH SIGNATURE™ on and in connection

with its well-known beef products.

12.    Plaintiff AB Holdings is the owner of all right, title, and interest in, to, and under

the RR Marks for use on and in connection with its high-quality products, which are advertised,

marketed, distributed, offered for sale, and sold in interstate commerce throughout the United

States, and elsewhere, by, through, and/or on behalf of AB.

13.    To further protect its extremely valuable RR Marks, and put others on further

notice of its ownership and rights in, to and under its RR Marks, AB has acquired a number of

U.S. federal trademark registrations, and owns a number of pending U.S. trademark applications,

for its RR Marks, including:



- **RR® & Design** (U.S. Reg. No. 3,107,311), and variations thereof,

including, for example and without limitation, , for "*beef; namely beef carcasses, cut portions of beef both packaged and non-packaged, and ground beef*" in International Class 29;

- **DOUBLE R RANCH®** (U.S. Reg. No. 3,151,311) for "*beef; namely beef carcasses, cut portions of beef both packaged and non-packaged, and ground beef*" in International Class 29;

- **RR DOUBLE R RANCH NORTHWEST BEEF® & Design** (U.S. Reg. No. 3,318,095) for "*beef; namely beef carcasses, cut portions of beef both packaged and non-packaged, and ground beef*" in International Class 29;

- **RR DOUBLE R RANCH SIGNATURE™ & Design** (U.S. App. No. 98/559,965) for "*beef, namely, cut portions of beef, both packaged and non-packaged, ground beef, and wagyu*" in International Class 29; and

- **DOUBLE R RANCH SIGNATURE™** (U.S. App. No. 98/559,965) for "*beef, namely, cut portions of beef, both packaged and non-packaged, ground beef, and wagyu*" in International Class 29.

14.    Many of AB's registrations for its family of RR Marks are incontestable (*e.g.* Reg. Nos. 3,107,311; 3,151,311; and 3,318,095).  AB's ownership of incontestable U.S. registrations for its RR Marks is "conclusive evidence of the validity of the … mark …, of [AB's] ownership of the mark, and of [AB's] exclusive right to use the registered mark in commerce."  15 U.S.C. § 1115(b).

15.     Plaintiff AB has continuously used its RR Marks, as noted above, in U.S. interstate commerce, nationwide, and elsewhere, on and in connection with its beef products, for over 20 years, since at least as early as January 2005.

16.     For over two decades, AB has expended, and continues to expend, a substantial amount of resources, money, time, and effort promoting, marketing, advertising, and building consumer recognition and goodwill in its extremely valuable RR Marks.  There can be no legitimate dispute that the RR Marks are extremely valuable and have acquired substantial secondary meaning in the marketplace, nor that AB has exclusive common law rights in, to, and under its RR Marks throughout the United States and elsewhere.

17.     Plaintiff AB markets, advertises, and promotes products under and in connection with its RR Marks in, among other channels, digital and social media, trade publications, national print media, catalogs, television programming, e-commerce, publications, and other advertising and marketing media.

18.     AB maintains active social media accounts, where it posts marketing and advertising materials promoting its RR Marks.  These accounts include, by way of example, Facebook (*e.g.*, facebook.com/agribeef; and facebook.com/doublerranchbeef), Instagram (*e.g.*, instagram.com/agri.beef; and instagram.com/doublerranchbeef), and Twitter (*e.g.*, twitter.com/agribeefco), among others.

19.     As a result of AB's substantial and long-established efforts, the public has come to recognize and rely on the RR Marks to identify the source of origin of AB's extremely high-quality beef products.  AB's branded beef products, produced, marketed, advertised, offered for sale, sold, and distributed, under and in connection with its RR Marks, are among the most recognized, valuable, and high-quality beef products in the United States.

**Complaint - 6**

20.     The RR Marks have long been used, and continue to be used, by AB to identify the source of origin of AB's high-quality beef products, and, further, to distinguish such high-quality goods from products and services offered by its competitors and others.

21.     As a result of AB's continuous and exclusive use of its RR Marks, customers and consumers in the beef market have come to strongly associate and recognize the RR Marks as identifying a source of origin of AB's high quality beef products.

22.     Indeed, AB's continuous, highly publicized, and global use of the RR Marks on and in connection with AB's extremely high-quality and premier beef products has resulted in the RR Trademarks becoming famous in the relevant market and among consumers of beef products in the United States and elsewhere.

23.     The famous RR Trademarks are extremely valuable and have developed a substantial amount of goodwill.

### Defendant's Knowledge of Plaintiff's AB Marks

24.     On information and belief, Defendant is the second largest food service distributor in the country, with approximately $35,000,000,000 per year in sales.

25.     Upon information and belief, one aspect of Defendant's business consists of purchasing branded meat products from third-party producers/suppliers to: (a) sell and/or distribute under the producer/supplier brands (*i.e.*, case in-case out); and/or (b) process such meat products at Defendant's "cut shops" around the country where Defendant takes raw meat products from multiple producers/suppliers, cut such products into individual units or smaller portions, and sell and/or distribute those units/portions under its own brand(s), resulting in the original producer/supplier losing its brand association with its products.

**Complaint - 7**

26.     Since at least as early as 2020, Defendant has expended substantial resources and money to purchase significant amounts of AB's beef products for processing and sale under its own brands.

27.     In fact, since at least as early as 2024, Defendant purchased substantial amounts of AB's beef products for resale (case in-case out) or, upon information and belief, to be re-boxed post cutting in in their cut-shops for sale and distribution under its own brands.

28.     Defendant has had actual knowledge of AB's use and ownership of its RR Marks.

29.     Further, upon information and belief, and by virtue of Defendant's knowledge of Plaintiff's RR Marks, Defendant has had actual and constructive knowledge of AB's ownership and use of its RR Marks on its beef products since at least as early as 2020.

**Defendant's Unauthorized & Infringing Use of the RR Marks**

30.     It has come to Plaintiff's attention that Defendant recently began marketing, advertising, promoting, offering for sale, selling, and distributing beef products—including, but not limited to, the same types of beef products Plaintiff sells to Defendant, and that Defendant purchases from Plaintiff, under Plaintiff's RR Marks—in direct competition with AB, under and in connection with Defendant's use of RR (reproduced below), in this judicial district and throughout the United States, which brand/mark is identical and/or confusingly similar to Plaintiff's RR Marks.  Below are two representative examples of Defendant's infringing uses of Plaintiff's RR Marks, adjacent to representative examples of Plaintiff's uses of its RR Marks:

<u>**Defendant's Infringing Uses**</u>:                    <u>**Plaintiff's Marks**</u>:

                    

**Complaint - 8**

  







31. Upon information and belief, Defendant is marketing, advertising, promoting, offering for sale, selling, and distributing directly competing beef products under and in connection with its use of RR in the same relevant markets, and to the same customers and consumers, as Plaintiff AB.

32. For instance, Defendant has been using the RR design/mark as a trademark for its products and business, prominently featuring the mark on its website, on product packaging, and in social media including, but not limited to, as shown in the examples below:

**Complaint - 9**





33.     Defendant adopted and began using the infringing RR long after AB began using,

registered, and acquiring rights in, to, and under, its valuable, extremely well-known, and famous

RR Marks.

34.     Upon information and belief, Defendant first began using its infringing use of RR

in the United States sometime in late 2024.

35.     Defendant filed a U.S. trademark application to register its infringing use of RR

(reproduced below) for "*beef; pork*" based upon its alleged intent to use the proposed mark on

August 21, 2024, U.S. Application Serial No. 98/709,200:

**Complaint - 10**



36.     Defendant's August 21, 2024 filing date of its application for registration is significantly later than the date Plaintiff AB first used, obtained incontestable rights and registrations for, and/or filed trademark applications for its RR Marks, which Plaintiff has used since at least as early as January 2005.

37.     Plaintiff AB is the senior user of its RR Marks for, at least, meat products, including, without limitation, beef, throughout the United States.

38.     Defendant's use of AB's RR Marks and/or confusingly similar variations thereof, including, without limitation, , has caused, will continue to cause, and/or is likely to cause and continue to cause the trade, customers, potential customers, consumers and/or the relevant purchasing public to be confused into believing that: (a) AB is the source of origin of the products being marketed, advertising, promoted, offered for sale, sold, and/or distributed by Defendant under and in connection  with; (b) AB is affiliated, connected, or otherwise associated with Defendant and/or Defendant's actual or intended advertising, marketing, promotion, offer for sale, sale, and/or distribution of Defendant's goods; and/or (c) AB is sponsoring, endorsing, administering, supervising, or is otherwise connected with Defendant and/or Defendant's actual or intended advertising, marketing, promotion, offer for sale, sale, and/or distribution of Defendant's goods.

39.     In addition, upon information and belief, Defendant is making use of AB's RR Marks on and in connection with Defendant's goods which may have disparate and, upon information and belief, alternative and/or inferior qualities to AB's products sold under

Plaintiff's RR Marks and, as such, Defendant's conduct is serving to damage AB by diluting the distinctive quality and goodwill of its RR Marks.

40.     On information and belief, Defendant's infringing conduct is serving to and/or will tarnish AB's RR Marks.

41.     Defendant's infringing conduct is serving to and/or will serve to diminish the public's perception of AB's RR Marks and, thus, is blurring and/or will blur the distinctive quality and goodwill associated with AB's RR Marks and associated products.

42.     On October 24, 2024, AB sent Defendant an e-mail reminding and advising Defendant that AB is the exclusive owner of the RR Marks, which have been extensively and continuously used in U.S. commerce since at least as early as April 2005, noting that Defendant adopted RR and an RR design that were confusingly similar to AB's RR Marks, and seeking to amicably work with Defendant so that Defendant would cease use of AB's RR Marks and eliminate the likelihood of confusion in the marketplace.

43.     On October 25, 2024, Defendant responded, representing that Defendant would discuss as a business and be in touch the following week.  Defendant did not respond as it represented.

44.     On November 19, 2024, after AB followed up with Defendant, Defendant again indicated it would be in touch to discuss how it intended to address its use of the RR Marks. After a phone call between the parties on November 21, 2024, Defendant relayed its position in an e-mail dated December 3, 2024, in which it stated, *inter alia*, it was Defendant's position that there was no risk of confusion, and it would be disruptive and costly to change its use of RR and RR design due to investments in product packaging bearing the design.

**Complaint - 12**

45.     AB requested a follow up phone call to further discuss the issue to which it received no response from Defendant.  AB then followed up with another request for a conversation on January 6, 2025.  AB further offered, in good faith, to work with Defendant towards a reasonable period for Defendant to exhaust the inventory of the packaging already purchased while Defendant transitioned to a non-infringing alternative.  Defendant did not respond.

46.     AB followed up with Defendant again on January 12, 2025, to which Defendant responded the next day, representing that it would not be able to speak with its counsel until January 22, 2025.  After not receiving a further response, on January 24, 2025, AB again followed up with Defendant.  And, on January 29, 2025, still having not received a response, AB followed up with Defendant another time.

47.     On January 31, 2025, Defendant responded representing that it would not agree to the proposed framework and would continue to use the infringing RR and RR design in contravention of AB's exclusive trademark rights, necessitating the filing of this suit.

48.     Despite numerous good-faith attempts by AB to work with PFG to reach an amicable resolution of this dispute, Defendant continues to brazenly use AB's RR Marks.

49.     Defendant has and will continue to use, cause confusion, and improperly benefit and gain from its wrongful use of AB's RR Marks unless enjoined by this Court.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER
## SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

50.     Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 49 of the Complaint as if fully set forth and restated herein.

Complaint - 13

51. Plaintiff is the owner of all right, title, and interest in, to, and under their distinctive RR Marks, as well as all goodwill therein.

52. AB began using and acquiring rights in, to, and under, its valuable, extremely well-known, and famous RR Marks long prior to Defendant's adoption and first use of AB's RR Marks and/or confusingly similar variations thereof, including, without limitation, the infringing RR design.

53. Plaintiff AB is the senior user of its RR Marks for, at least, meat products, including, without limitation, beef, throughout the United States.

54. Defendant's unlicensed, un-consented to, and otherwise unauthorized use of AB's RR Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, and/or sale of its identical and highly related beef and pork goods, has caused, will cause, and/or is likely to cause the trade, consumers, and the relevant purchasing public to be confused and mistaken as to the source of origin of the goods being offered and sold by Defendant and, further, to deceive the trade, customers, and the relevant purchasing public as to whether AB is affiliated with, connected with, associated with, and/or a sponsor of Defendant's use of AB's distinctive, famous, and valuable RR Marks on or in connection with such identical and highly related goods.

55. Defendant has engaged in the activity described above with, upon information and belief, the intent to confuse and deceive the public into believing that Defendant and its beef and pork products originate from, are affiliated with, or are sanctioned, endorsed, approved, or authorized by AB and its RR Marks.

56. Defendant initially and/or subsequently, acted willfully and intentionally in using AB's RR Marks and/or confusingly similar variations thereof to cause confusion and deception

as to whether Defendant and/or its beef and pork products, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff AB. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

57. By virtue of Defendant's acts hereinabove described, Defendant has committed and is continuing to commit acts of federal trademark infringement in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58. Defendant's aforesaid acts of trademark infringement have caused and will continue to cause damage and irreparable harm to AB, and are likely to continue unabated, thereby causing further damage and irreparable harm to AB and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous RR Marks, unless enjoined and restrained by the Court.

59. AB has no adequate remedy at law and has and will continue to suffer irreparable injury if Defendant is allowed to continue to wrongfully use AB's RR Marks and/or any confusingly similar variations thereof.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

60. Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 59 of the Complaint as if fully set forth and restated herein.

61. Plaintiff is the owner of all right, title, and interest in, to, and under their distinctive RR Marks, as well as all goodwill therein.

62. AB began using and acquiring rights in, to, and under, its valuable, extremely well-known, and famous RR Marks long prior to Defendant's adoption and first use of AB's RR

**Complaint - 15**

Marks and/or confusingly similar variations thereof, including, without limitation, the infringing RR design.

63.    Plaintiff AB is the senior user of its RR Marks for, at least, meat products, including, without limitation, beef, throughout the United States.

64.    Defendant's unlicensed, un-consented to, and otherwise unauthorized use of AB's RR Marks and/or confusingly similar variations thereof, on or in connection with its advertising, marketing, promotion, offer, and/or sale of its identical and highly related beef and pork goods, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such goods emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with AB and/or its RR Marks.

65.    Defendant's unlicensed, un-consented to, and otherwise unauthorized use of AB's RR Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, and/or sale of its identical and highly related beef and pork goods, constitutes a false description or representation tending to suggest to the relevant purchasing public that AB is the source of origin of such services and/or goods.

66.    By virtue of Defendant's acts hereinabove described, Defendant has committed and is continuing to commit acts of unfair competition and false designation of origin in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Defendant's aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to AB, and are likely to continue unabated, thereby causing further damage and irreparable harm to AB and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous RR Marks, unless enjoined and restrained by the Court.

**Complaint - 16**

68.     AB has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use AB's RR Marks and/or any confusingly similar variations thereof.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## UNDER SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

69.     Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 68 of the Complaint as if fully set forth and restated herein.

70.     Plaintiff is the owner of all right, title, and interest in, to, and under their distinctive RR Marks, as well as all goodwill therein.

71.     The RR Marks are distinctive and famous in the United States in the beef market and among relevant customers and consumers.

72.     Defendant has and is actually using trademarks on or in connection with its identical, highly related, and otherwise directly competing beef and pork products, which marks are identical to, substantially indistinguishable from, and/or confusingly similar to, one or more of the RR Marks, after one or more of the RR Marks became famous, to wit, long prior to August 2024.

73.     On information and belief, Defendant acted and is acting with knowledge of the fame and reputation of the RR Marks with the purpose of, on information and belief, usurping such rights and to wilfully and intentionally confuse, mislead, and deceive members of the public.

74.     Defendant's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the RR Marks, and to lessen the capacity of those marks to identify and distinguish AB's extremely high-quality and premier beef products.

75.     By virtue of Defendant's acts hereinabove described, Defendant has committed and is continuing to commit acts of trademark dilution in violation of, *inter alia*, 15 U.S.C. § 1125(c).

76.     The aforesaid acts of trademark dilution have caused and will continue to cause damage and irreparable harm to Plaintiff AB and are likely to continue unabated, causing further damage and irreparable harm to Plaintiff AB and the goodwill symbolized by and associated with its RR Marks, unless enjoined and restrained by this Court.

77.     AB has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully dilute, blur, and tarnish the distinctive quality of the RR Marks.

78.     Because Defendant acted wilfully and intentionally to trade on AB's reputation and cause dilution of its famous RR Marks, AB is entitled to injunctive relief, damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

**COUNT IV**
**TRADEMARK INFRINGEMENT**
**UNDER MISSOURI COMMON LAW**

79.     Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 78 of the Complaint as if fully set forth and restated herein.

80.     Plaintiff is the owner of all right, title, and interest in, to, and under their distinctive RR Marks, as well as all goodwill therein.

81.     AB began using and acquiring rights in, to, and under, its valuable, extremely well-known, and famous RR Marks long prior to Defendant's adoption and first use of AB's RR Marks and/or confusingly similar variations thereof, including, without limitation, the infringing RR design.

**Complaint - 18**

82.     Plaintiff AB is the senior user of its RR Marks for, at least, meat products, including, without limitation, beef, throughout the United States, including, without limitation, throughout Missouri.

83.     Defendant's unlicensed, un-consented to, and otherwise unauthorized use of AB's RR Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, and/or sale of its identical and highly related beef and pork goods, has caused, will cause, and/or is likely to cause the trade, consumers, and the relevant purchasing public to be confused and mistaken as to the source of origin of the goods being offered and sold by Defendant and, further, to deceive the trade, customers, and the relevant purchasing public as to whether AB is affiliated with, connected with, associated with, and/or a sponsor of Defendant's use of AB's distinctive, famous, and valuable RR Marks on or in connection with such identical and highly related goods.

84.     Defendant has engaged in the activity described above with the intent to confuse and deceive the public into believing that Defendant and its beef and pork products originate from, are affiliated with, or are sanctioned, endorsed, approved, or authorized by AB and its RR Marks.

85.     Defendant initially and/or subsequently, acted willfully and intentionally in using AB's RR Marks and/or confusingly similar variations thereof to cause confusion and deception as to whether Defendant and/or its beef and pork products, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff AB.

86.     By virtue of Defendant's acts hereinabove described, Defendant has committed and is continuing to commit acts of trademark infringement in violation of Missouri common law.

**Complaint - 19**

87. Defendant's aforesaid acts of trademark infringement have caused and will continue to cause damage and irreparable harm to AB, and are likely to continue unabated, thereby causing further damage and irreparable harm to AB and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous RR Marks, unless enjoined and restrained by the Court.

88. AB has no adequate remedy at law and has and will continue to suffer irreparable injury if Defendant is allowed to continue to wrongfully use AB's RR Marks and/or any confusingly similar variations thereof.

## COUNT V
## STATUTORY AND COMMON LAW TRADEMARK DILUTION
## UNDER MISSOURI LAW (MO. REV. STAT. §417.061(1))

89. Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 88 of the Complaint as if fully set forth and restated herein.

90. Plaintiff is the owner of all right, title, and interest in, to, and under their distinctive RR Marks, as well as all goodwill therein.

91. Plaintiff's famous and incontestable RR Marks are distinctive marks within the meaning of Chapter 417 of the Missouri Revised Statutes and have been famous and distinctive marks prior to Defendant's adoption and conduct as alleged herein.

92. Without license, consent, or other authorization, Defendant has used, is currently using, and, upon information and belief, intends to continue using Plaintiff's RR Marks and/or confusingly similar variations thereof on or in connection with its directly competing and/or highly related sale of beef and pork goods, after the RR Marks became distinctive, *to wit*, long prior to Defendant's adoption and conduct as alleged herein.

93. On information and belief, Defendant acted with knowledge of the distinctiveness and reputation of Plaintiff's RR Marks, with the purpose of usurping such rights, and to wilfully and intentionally confuse, mislead, and/or deceive members of the public.

94. Defendant's actions have and are likely to continue to dilute, blur, and tarnish the distinctive quality of Plaintiff's RR Marks, and/or have and are likely to continue to cause injury to Plaintiffs' business reputation.

95. By virtue of Defendant's acts described above, Defendant has committed and is continuing to commit acts of trademark dilution in violation of, *inter alia*, MO. REV. STAT. §417.061(1) and Missouri common law.

96. The aforesaid acts of trademark dilution have caused, are causing, and/or will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated, causing further damage and irreparable harm to Plaintiff and the goodwill symbolized by and associated with Plaintiff's RR Marks, unless enjoined and restrained by this Court.

97. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully dilute, blur, and tarnish the distinctive quality of Plaintiff's RR Marks and/or cause injury to Plaintiff's business reputation.

98. Because Defendant acted wilfully and intentionally to trade on Plaintiff's reputation and cause dilution of its distinctive RR Marks, Plaintiff is entitled to injunctive relief pursuant to MO. REV. STAT. §417.061(1).

**COUNT VI**
**UNFAIR COMPETITION**
**UNDER MISSOURI COMMON LAW**

99. Plaintiff AB realleges and incorporates each and every allegation set forth in paragraphs 1 through 98 of the Complaint as if fully set forth and restated herein.

100. As a result of Plaintiff's and its licensees' extensive use and investments in providing, marketing, promoting, advertising, and developing Plaintiff's RR Marks on and in connection with its services, Plaintiff has acquired and built-up a substantial amount of valuable goodwill in and to its RR Marks. As such, Plaintiff's RR Marks have become associated with, in the minds of the relevant public, consumers, and the trade, Plaintiff's goods and services and has come to symbolize Plaintiff's reputation for quality and excellence.

101. Without license, consent, or other authorization, Defendant adopted, used, and continues to use Plaintiff's RR Marks and/or confusingly similar variations thereof in connection with marketing, advertising, promoting, and selling directly competing and/or highly related beef and pork goods.

102. Defendant's unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's RR Marks and/or confusingly similar variations thereof, on or in connection Defendant's goods, services, or commercial activities, uses and/or employs deception, fraud, false pretense, misrepresentation, and/or unfair practices regarding and/or conceals or omits material facts about (i) Defendant's affiliation, connection, or association with Plaintiff and/or Plaintiff's RR Marks, and/or the goods and services Plaintiff offers and provides under its RR Marks; and (ii) the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff, and/or as to the origin, sponsorship, or approval of Plaintiff's goods, services, and/or commercial activities by Defendant.

103. Defendant's acts complained of herein constitute unlawful, unfair and/or fraudulent business methods and/or practices in violation of the Missouri common law.

104. Defendant's unlawful, unfair, and/or fraudulent business methods and/or practices described above were knowing and willful, and Plaintiff has been actually damaged thereby,

entitling Plaintiff to recover, at the Court's discretion, actual damages, punitive damages, injunctive relief, and equitable relief, pursuant to Missouri common law.

## DEMAND FOR JURY TRIAL

Plaintiff AB Holdings hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, AB Holdings, LLC, respectfully requests that the Court enter judgment against Defendant, as follows:

(1)     A preliminary and permanent injunction enjoining Defendant and/or its respective employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using any of the RR Marks and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, or sale of Defendant's goods; from otherwise infringing and/or diluting the distinctive nature of AB's RR Marks; and from otherwise competing unfairly with AB;

(2)     An Order directing Defendant to file with this Court and serve on AB's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(3)     An Order directing Defendant to: (a) destroy and/or obliterate, in accordance with written instructions from AB, any and all bid proposals, labels, signs, brochures, advertisements, point-of-sale materials, product packaging, boxes, prints, catalogues, line sheets, marketing materials, internet webpages, metatags, packages, papers, and all other items in their possession, or under their control, upon which appears or otherwise reflects AB's RR Marks, and/or any

confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of AB's RR Marks, either alone or in combination with any designation, and all plates, molds, matrices and other means of making the same; and (b) disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-retailers of any of Defendant's products bearing and/or otherwise associated with AB's RR Marks, and/or any confusingly similar variations thereof;

(4)     An accounting and disgorgement of Defendant's profits arising from Defendant's infringement of or upon and dilution of AB's RR Marks, its false designations of origin, its misrepresentations and deceptive trade practices, and its acts of unfair competition;

(5)     An award of Defendant's profits to AB, including disclosure of the number of infringing products sold in the United States and an accounting for the gross revenue derived from sale of the infringing products;

(6)     An award of the damages actually sustained by AB:

(a)     as a consequence of Defendant's infringement of and upon AB's RR Marks;

(b)     as a consequence of Defendant's false designations of origin;

(d)     as a consequence of Defendant's dilution of AB's RR Marks; and

(e)     as a consequence of Defendant's acts of unfair competition;

(7)     An award of treble the actual damages awarded for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b) and extraordinary damages for trademark dilution pursuant to 15 U.S.C. § 1125(c)(5).  AB reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits;

(8)     Pre-judgment and post-judgment interest on the above damage awards;

(9)     An award of costs, reasonable attorneys' fees, and expenses incurred in and related to this action; and

(10)    Such other and further relief as the Court deems just and proper under the circumstances.


Dated:   4/22/2025                              BRYAN CAVE LEIGHTON PAISNER LLP


                                                By:  /s/ Robert J. Hoffman
                                                Robert J. Hoffman, #44486 (MO)
                                                One Kansas City Place
                                                1200 Main Street, Suite 3800
                                                Kansas City, Missouri 64105
                                                Bob.Hoffman@bclplaw.com
                                                BCIPDocketing@bclplaw.com

                                                David A. Roodman, #38109 (MO)
                                                Michael E. Rowan, #72992 (MO)
                                                211 North Broadway, Suite 3600
                                                St. Louis, Missouri 63102
                                                Tel: (314) 259-2000
                                                Fax: (314) 259-2020
                                                David.Roodman@bclplaw.com
                                                Michael.Rowan@bclplaw.com


                                                *Attorneys for Plaintiff*
                                                *AB Holdings, LLC*

**Complaint - 25**